UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TIMOTHY O. HOLMES,

                       Plaintiff,

                                                       DECISION AND ORDER

                                                       07-CV-6605L

                 v.

DEPARTMENT OF NAVY,
DR. DONALD C. WINTER,
ROBERT D. REILLY, JR.,
Rear Admiral USN Commander,

                       Defendants.

_____

      Plaintiff, Timothy O. Holmes ("Holmes"), has filed a *pro se* civil rights complaint against his former employer, the Department of the Navy and two employees of the Navy, Donald C. Winter and Robert D. Reilly, Jr.[1]

      Plaintiff's complaint, described as a "civil rights complaint pursuant to 42 U.S.C. § 1983," seeks 70 million dollars in damages for what plaintiff claims to be a breach of two settlement agreements entered into between Holmes and the Navy over 13 years ago.  Defendants now move to dismiss the complaint or, in the alternative, for a change of venue. (Dkt. # 14).  For the following reasons, defendants' motion to dismiss is granted and the complaint is dismissed.

      According to the complaint, Holmes was employed as a storekeeper for the Department of the Navy, Military Sea-Lift Command, Pacific.  In 1995 and again in 1996, he negotiated settlement agreements with the Department of the Navy before the Equal Employment Opportunity

_____

[1] The case was originally filed in the Northern District of New York, on a preprinted form from that district. The matter was transferred to the Western District of New York apparently because plaintiff resides in this district in Chemung, New York.

Commission ("EEOC").  Copies of the settlement agreements are attached to Holmes's complaint.

Holmes now claims, some 12 years later, that the Navy has breached the settlement agreements by

failing to document in his Official Personnel Folder that Holmes "resigned" from the Agency for

personal reasons effective July 22, 1994.  According to a complaint filed by Holmes before the

EEOC in 2007, a copy of which is attached to Holmes's complaint, the Navy acknowledged that it

breached the 1996 settlement agreement "by failing to expunge its records of references to a

discharge or termination."[2]

Holmes's action, which is styled as a civil rights action under 42 U.S.C. § 1983, must be

dismissed.  A section 1983 action may only be prosecuted against individuals who took action

"under color" of state law.  *See* 42 U.S.C. § 1983.  No such allegation is pleaded here.  Neither the

Department of the Navy nor its employees acted under state law and, therefore, a crucial element

of a civil rights action is missing.  *See, e.g., Connecticut v. Gabbert*, 526 U.S. 286, 290 (1999)

("Section 1983  provides a federal cause of action against any person who, acting under color of

state law, deprives another of his federal rights."); *Rodenhouse v. Palmyra-Macedon Central School*

*District,* 2008 US Dist. LEXIS 43363, at *6-7 (W.D.N.Y. June 2, 2008) (to establish liability under

§ 1983, "a plaintiff must show (a) that the defendant is a 'person' acting 'under the color of state law

. . . .'"); *Suarez v. Knox*, 2007 WL 1385701, *1 (W.D.N.Y. 2007) ("Section 1983 provides redress

for individuals who have been injured by a person acting under color of state law"); *Hightower v.*

*United States,* 205 F. Supp. 2d 146, 154 n. 4 (S.D.N.Y. 2002) (section 1983 only permits suits

---

[2]According to the 1996 settlement agreement, Holmes agreed not to institute a lawsuit or administrative action against the Navy arising from the 1995 settlement agreement.  Therefore, the Navy's breach was limited to the 1996 settlement agreement.

"against state actors acting under color of state law, and not against the federal government or federal employees acting under federal law.").

Furthermore, a civil rights action, as pleaded here, does not lie against the federal government, its agencies or employees. *See Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n. 4 (2d. Cir. 1991) (an action brought pursuant to Section 1983 "cannot lie against federal officers."); *Murray v. Department of Justice*, 821 F. Supp. 94, 100 (E.D.N.Y. 1993) *citing District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973) (Section 1983 "does not apply to the actions of the federal government or its officers."); *John's Insulation, Inc. v. Siska Const. Co.*, 774 F. Supp. 156, 161 (S.D.N.Y. 1991) ("Actions of the Federal Government or its officers are exempt from the proscriptions of § 1983."); *Kramer v. Secretary*, *U.S. Dept. of The Army,* 623 F. Supp. 505, 507 -08 (E.D.N.Y. 1985) ("One cannot sue the United States government, its agencies, or its agents under 42 U.S.C. § 1983.  Section 1983 creates a cause of action against persons, or other entities, who violate one's constitutional rights 'under color of state law.'  The federal government does not act under color of state law."); *Chodos v. Federal Bureau of Investigation*, 559 F. Supp. 69, 72 (S.D.N.Y. 1982), *aff'd* 697 F.2d 289 (2d. Cir. 1982), *cert. denied* 459 U.S. 1111 (1983) ("An action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers.").

Holmes seeks substantial damages.  As such, the action is essentially one for breach of contract; specifically, breach of the settlement agreements entered into before the EEOC. Accordingly, if plaintiff has any viable action, it  lies with the United States Court of Federal Claims in Washington, D.C.  The United States Court of Federal Claims has jurisdiction over any claim against the United States, or its agency, founded upon a contract with the United States.  28 U.S.C. § 1491(a)(1).  District courts lack subject matter jurisdiction over any civil contract actions against the United States that exceeds $10,000. *See* 28 U.S.C. § 1346(a)(2).  *See Greenhill v. United States*,

81 Fed. Cl. 786 (2008) (finding that Court of Federal Claims had subject matter jurisdiction over plaintiff's claim, alleging breach of EEOC settlement agreements with Department of Education); *Greenhill v. Spellings*, 482 F.3d 569 (D.C. Cir. 2007) (remanding case to district court with instructions to transfer case to Court of Federal Claims because district court did not have subject matter jurisdiction over plaintiff's claim); *Lindstrom v. United States*, 510 F.3d 1191 (10th Cir. 2007) (holding that district court lacked subject matter jurisdiction over plaintiff's action to enforce settlement agreements with federal employer); *Murthy v. Schafer*, __ F. Supp. 2d __, 2008 WL 4386616 (D.C.C. 2008) (granting government's motion to dismiss plaintiff's claim for breach of EEOC settlement agreement and transferring case to the Court of Federal Claims because district court lacked subject matter jurisdiction).

## CONCLUSION

Defendants' motion to dismiss (Dkt. #14) is granted and the complaint against all defendants is dismissed.

In light of the Court's ruling, defendants' other motions to dismiss improper party defendants and to change venue are denied as moot (Dkt. #14). Likewise, Plaintiff's motions to amend the complaint to add Dr. Robert M. Gates, Secretary of Defense, as a party defendant (Dkt. #9), and to remove Robert D. Reilly, Jr. as a party defendant (Dkt. # 16) are denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      October 31, 2008.